**IPSCO, INC. and Ipsco Steel, Inc., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

and

**Lone Star Steel Co., Defendant–Intervenor.**

**Court No. 86–07–00853.**

United States Court of International Trade.

Oct. 14, 1988.

Barnes, Richardson & Colburn, (Rufus E. Jarman, Jr. and Matthew J. Clark), New York City, for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Platte B. Moring, III), Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

RESTANI, Judge:

■ Plaintiffs' motion for rehearing with respect to the court's decision ordering remand dated May 4, 1988 is untimely.[1] The remand results were filed in early summer. Almost three months later the instant motion was filed. Granting of the motion where the remand results were filed nearly three months earlier would undermine the

---

1. All relevant background is found in that decision, *IPSCO, Inc. v. United States*, 12 CIT ——, 687 F.Supp. 614 (1988).

court's duty to resolve this case as promptly as possible.

■ Furthermore, plaintiffs misperceive the basis of the court's decision. There appears to be no disagreement that in order to calculate a rate of subsidization attributable to Ipsco's production of oil country tubular goods (OCTG) ITA must allocate the particular governmental grants at issue over all of Ipsco's production of steel goods. Because it is difficult ordinarily to determine how grants such as the ones at issue actually benefit recipients in any real economic sense, ITA generally uses a sales value based allocation methodology in calculating the rate of subsidization resulting from such grants. Plaintiffs assert that a weight-based method is better suited to this factual setting because the grants were used largely for improvement of basic steel production and the steel in turn is used by Ipsco to make products of varying value. Plaintiffs argue further that OCTG has more value added to the basic steel, in comparison to other Ipsco products, so that ITA's methodology unfairly affects Ipsco's subsidy rate.

The issue before the court was whether ITA acted reasonably in not adopting the weight-based methodology suggested by plaintiff. The court determined based on the record in this case that ITA was not unreasonable in using its value-based allocation methodology. Under plaintiff's theory of appropriate allocation, one would allocate based on the amount of steel uti-

lized in producing Ipsco's various end products. The results, according to plaintiffs' theory, should demonstrate that ITA's methodology yielded unfairly skewed results. Ipsco in its prehearing brief to ITA, however, argued for a new formula utilizing end product tonnage not the tonnage of steel utilized. Neither the relevancy of plaintiffs' method nor any serious imbalance between an appropriate weight-based method and ITA's method was demonstrated by plaintiffs.[2] The similarities in the end results of even the two methodologies discussed by plaintiffs seems to indicate that ITA's methodology does not come close to the horrible examples cited by plaintiffs in their briefs. That the difference in end results has significance to the outcome of this case is irrelevant. What is relevant is that plaintiffs did not demonstrate a serious defect in ITA's relatively straightforward approach. Finding plaintiffs had not made out a credible case that ITA's approach resulted in an unfair allocation under plaintiffs' theory, the court saw no need to discuss defendants' other arguments.

Plaintiffs' motion for rehearing is denied.

---

**2.** The ratio of OCTG sales values to overall sales value appears to differ less than ten percent from the OCTG weight to overall weight ratio. Plaintiff neither referred specifically to this comparison nor explained how such a compari- son should be adjusted for yield factors or other variables.